| | |
|---|---|
| **SCHIAN WALKER, P.L.C.**<br>3550 NORTH CENTRAL AVENUE, #1700<br>PHOENIX, ARIZONA 85012-2115<br>TELEPHONE: (602) 277-1501<br>FACSIMILE: (602) 297-9633<br>E-MAIL: ecfdocket@swazlaw.com<br>DALE C. SCHIAN, #010445<br>CODY J. JESS. #025066<br>Attorneys for the Movants | **COVINGTON & BURLING LLP**<br>1201 PENNSYLVANIA AVENUE, NW<br>WASHINGTON, D.C. 20004-2401<br>TELEPHONE: (202) 662-6000<br>FACSIMILE: (202) 662-6291<br>E-MAIL: glevy@cov.com<br>GREGG H. LEVY<br>Attorneys for the National Football League |
| **OFFICE OF THE COMMISSIONER OF BASEBALL**<br>245 PARK AVENUE<br>NEW YORK, NEW YORK 10167<br>TELEPHONE: (212) 931-7800<br>FACSIMILE: (212) 949-5653<br>E-MAIL: tom.ostertag@mlb.com<br>THOMAS J. OSTERTAG<br>Attorneys for the Office of the<br>  Commissioner of Baseball | **THE NATIONAL BASKETBALL ASSOCIATION**<br>645 FIFTH AVENUE<br>NEW YORK, NEW YORK 10022<br>TELEPHONE: (212) 407-8000<br>FACSIMILE: (212) 888-7931<br>E-MAIL: rbuchanan@nba.com<br>RICHARD W. BUCHANAN<br>Attorneys for the National Basketball Association |

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DEWEY RANCH HOCKEY, LLC,<br>COYOTES HOLDINGS, LLC,<br>COYOTES HOCKEY, LLC, and<br>ARENA MANAGEMENT GROUP, LLC,<br><br>　　　　　　　　　　Debtors.<br><br>This filing applies to:<br><br>　 X 　All Debtors<br>　　　　Specified Debtors | No. 2-09-bk-09488-RTB<br><br>CHAPTER 11<br><br>(Jointly Administered)<br><br>**MOTION TO AUTHORIZE AMICUS CURIAE STATEMENTS**<br><br>DATE:　May 19, 2009<br>TIME:　 1:30 p.m.<br>LOCATION:　230 North First Avenue<br>　　　　　　　　Phoenix, Arizona<br>　　　　　　　　Courtroom 703, 7th Floor |

Pursuant to 11 U.S.C. § 105(a), 1109(b), and Bankruptcy Rules 9014(c) and 7024, the National Football League, the Office of the Commissioner of Baseball, and the National Basketball Association (collectively, the "**Movants**") seek leave to file Statements of Position (collectively referred to herein as the "**Statements**") in support of the *Limited Objection of The National Hockey League to Motion of the Debtors for Entry of an Order (A) Authorizing Conduct of an Auction of Coyotes Hockey,*

*LLC's Assets; (B) Establishing Procedures to be Employed in Connection with the Sale Including Approval of Termination Fee; and (C) Approving Form of Order and Manner of Notice of Conditional Cure Notice and Solicitation Notice* (the "**Objection**") [DE 92].

In support of this Application, the Movants submit that the matters presented in these proceedings are of national interest, and the Court's ruling in this matter has a potential impact that could severely disrupt the business of major league sports, including football, baseball and basketball. The Movants' Statements address their interests in these proceedings and do not duplicate the positions of the debtors, creditors, or other parties-in-interest, nor will the Movants' limited participation delay or extend the length of these matters. Because of the rapid timing associated with these matters, the Movants filed the Statements [DE 136, 137 and 139] on an expedited basis in order to be permitted to appear at the hearing on the Objection on May 19, 2009 (the "**Hearing**").

Bankruptcy Rule 7024 incorporates Rule 24 of the Federal Rules of Civil Procedure, which is not applicable under Bankruptcy Rule 9014(c) "unless the court directs otherwise." "There does not appear to be any rule or statute that is applicable within a federal district court or bankruptcy court that governs, or that even furnishes standards by which those courts can ascertain the propriety of, the participation of *amicus curiae* or the content of *amicus* briefs." *In re Meinen*, 228 B.R. 368, 375 (Bankr. W.D. Pa. 1998) (citing *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991). "Nevertheless, a body of case law has developed regarding standards pertaining to the participation of entities as *amicus curiae* and the briefs filed by such entities in that capacity." *Meinen*, 228 B.R. at 375.

The Bankruptcy Appellate Panel for the Ninth Circuit has recently stated:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

///

///

*In re Heath*, 331 B.R. 424, 430 (B.A.P. 9th Cir. 2005) (citing and quoting *Ryan v. Commodity Futures Trading Comm'n,* 125 F.3d 1062, 1063 (7th Cir. 1997)) (emphasis added); *see also Neonatology Assocs., P.A. v. C.I.R.,* 293 F.3d 128 (3d Cir. 2002) (criticizing *Ryan* as too restrictive); *Voices for Choices v. Illinois Bell Telephone Co.*, 333 F. 3d 542, 545 (noting the factors delineated in *Meinen*, and stating that "the criterion for deciding whether to permit the filing of an amicus brief should be the same: whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs").

Based upon the factors discussed in *Heath*, the Statements should be allowed. As noted above, the Court's ruling in this matter may dramatically affect the Movants. Moreover, the Movants are uniquely situated to provide the Court with perspective on matters such as league governance and operations and other issues that typically arise in this context.

Based upon the foregoing, the Movants respectfully request that they be permitted to file and be heard in connection with their statements of position submitted in these proceedings. A proposed order authorizing the filing of the Statements and the Movants' participation at the Hearing is respectfully submitted herewith.

DATED this __19th__ day of May, 2009.

        COVINGTON & BURLING LLP
        1201 Pennsylvania Avenue NW
        Washington, D.C. 20004-2401

        and

        OFFICE OF THE COMMISSIONER
        OF BASEBALL
        245 Park Avenue
        New York, New York 10167

        and

        THE NATIONAL BASKETBALL
        ASSOCIATION
        645 Fifth Avenue
        New York, New York 10022

        and

| | |
|---|---|
| 1 | SCHIAN WALKER, P.L.C. |
| 2 | |
| 3 | By /s/   DALE C. SCHIAN, #010445 |
| 4 | Dale C. Schian<br>Cody J. Jess |
| 5 | Attorneys for the Movants |
| 6 | |
| 7 | COPY of the foregoing e-mailed<br>or mailed this  19th  day |
| 8 | of May, 2009, to: |
| 9 | The Parties Identified on the<br>Attached Service List |
| 10 | |
| 11 |  /s/    DEBBI STEPHENS |

# SERVICE LIST

| | |
|---|---|
| C. Taylor Ashworth, Esq.<br>Alan A. Meda, Esq.<br>STINSON MORRISON HECKER LLP<br>1850 North Central Avenue, Suite 2100<br>Phoenix, AZ 85004<br>tashworth@stinson.com<br>ameda@stinson.com<br>Attorneys for the National Hockey League | J. Gregory Milmoe, Esq.<br>Shepard Goldfein, Esq.<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>4 Times Square<br>New York, NY 10036<br>gregory.milmoe@skadden.com<br>shepard.goldfein@skadden.com<br>Attorneys for the National Hockey League |
| Anthony W. Clark, Esq.<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>One Rodney Square<br>Wilmington, DE 19899<br>Anthony.clark@skadden.com<br>Attorneys for the National Hockey League | Thomas J. Salerno, Esq.<br>Jordan A. Kroop, Esq.<br>Kelly Singer, Esq.<br>SQUIRE SANDERS & DEMPSEY LLP<br>40 N. Central Ave., #2700<br>Phoenix, AZ 85004-4498<br>tsalerno@ssd.com<br>jkroop@ssd.com<br>ksinger@ssd.com<br>Attorneys for Debtors |
| Susan M. Freeman, Esq.<br>Stefan M. Palys, Esq.<br>LEWIS & ROCA LLP<br>40 N. Central Avenue<br>Phoenix, AZ 85004-4429<br>sfreeman@lrlaw.com<br>spalys@lrlaw.com<br>Attorneys for PSE Sports & Entertainment and for S&E Interim Facility Corporation | Steven M. Abromowitz, Esq.<br>VINSON & ELKINS LLP<br>666 Fifth Avenue 26th Floor<br>New York, NY 10103-0040<br>sabramowitz@velaw.com<br>Attorneys for SOF Investments LP, White Tip Investments, LLC, and Donatello Investments, LLC |
| Donald L. Gaffney, Esq.<br>SNELL & WILMER LLP<br>One Arizona Center<br>Phoenix, AZ 85004-2202<br>dgaffney@swlaw.com<br>Attorneys for SOF Investments LP, White Tip Investments, LLC, and Donatello Investments, LLC | Richard H. Herold, Esq.<br>HINSHAW & CULBERTSON LLP<br>3200 N. Central Avenue, #800<br>Phoenix, AZ 85012<br>rherold@hinshawlaw.com<br>Attorneys for Aramark |
| Lori Lapin Jones, Esq.<br>LORI LAPIN JONES PLLC<br>98 Cutter Mill Rd., #201 N<br>Great Neck, NY 11021<br>Attorneys for BWD Group | Albert Turi<br>BWD Group LLC<br>BWD Plaza<br>P.O. Box 9050<br>Jericho, NY 11753-8950 |
| Cathy L. Reece, Esq.<br>Nicolas B. Hoskins, Esq.<br>Fennemore Craig, PC<br>3003 N. Central Ave., #2600<br>Phoenix, AZ 85012-2913<br>creece@fclaw.com<br>nhoskins@fclaw.com<br>Attorney for the City of Glendale, Arizona | William R. Baldiga, Esq.<br>Andrew M. Sroka, Esq.<br>BROWN RUDNICK LLP<br>One Financial Center<br>Boston, MA 02111<br>wbaldiga@brownrudnick.com<br>asroka@brownrudnick.com<br>Attorneys for the City of Glendale, Arizona |

| | |
|---|---|
| Scott B. Cohen, Esq.<br>ENGELMAN BERGER PC<br>3636 N. Central Ave., #700<br>Phoenix, AZ 85012<br>sbc@engelmanberger.com<br>Attorneys for John Breslow | Mark A. Nadeau, Esq.<br>Shane D. Gosdis, Esq.<br>DLA PIPOER LLP<br>2525 E. Camelback Rd., #1000<br>Phoenix, AZ 85016-4245<br>Mark.nadeau@dlapiper.com<br>Shane.gosdis@dlapiper.com<br>Attorneys for Lease Group Resources, Inc. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26